UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRAIG LUNDSTED,

        Plaintiff,                             Case No. 14-cv-13981

v.                                           Honorable Thomas L. Ludington

JRV HOLDINGS, LLC, et al.,

        Defendants.

_____/

**ORDER DENYING MOTION FOR LEAVE TO APPEAR BY TELEPHONE**

A Consent Judgment was entered in this case on August 31, 2015 providing that Plaintiff recover $1,000 from Defendants jointly and severally and further providing that Plaintiff had twenty-one days to submit a motion for attorneys' fees and a bill of costs. *See* Consent J., ECF No. 26. The day after the Consent Judgment was filed, Defendants filed a motion to vacate the judgment alleging that the Consent Judgment omitted language from Defendants' offer of judgment intended to preserve Defendants' right to offset a judgment Defendant JRV Holding obtained against Plaintiff in January of 2014 for $8,603.31. *See* Defs.' Mot. Vac. J, ECF No. 27. Defendants did not explain, however, how the omission of such language from the Court's Judgment would prejudice their right to offset.

No reasonable explanation can likewise be conceived. The language that Defendants desire to see included in the Consent Judgment is, according to the parties, included in Defendants' offer of judgment, a binding and enforceable legal contract between the parties. Similarly, a consent judgment "is a voluntary settlement agreement which could be fully effective without judicial intervention." *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983).

But, a consent judgment "is also a final judicial order." *Id*. *See also Delaware Valley Citizens' Council for Clean Air v. Com. of Pa.*, 674 F.2d 976, 981 (3d Cir. 1982) ("A consent decree is, after all, a judgment and is entitled to a presumption of finality."). Thus, a primary purpose of a consent judgment is to "place[] the power and prestige of the court behind the compromise struck by the parties." *Williams*, 720 F.2d at 920. So on one hand, a consent judgment should "memorialize[] the bargained for position of the parties." *Id*. But on the other, a consent judgment is "a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 378 (1992).

Here, the parties seek to include in the language of the Consent Judgment a non-prejudice clause that states: "This offer is made without regard to and does not impact JRV's rights to set-off the judgment it holds against Plaintiff." *See* Defs.' Mot. Vacate 2, ECF No. 27. The purpose of including such a provision in the Consent Judgment does nothing to alter the prospective effect of the Consent Judgment. Consent judgments, like contracts, "should be strictly construed to preserve the bargained for position of the parties." *Williams*, 720 F.2d at 920. Nothing in the Consent Judgment, as it now reads, could prejudice a right to set-off under a strict reading of the Consent Judgment's language.

As a result, the inclusion of the language could only have one other purpose: to draw a collateral dispute concerning the offset of this judgment under this Court's jurisdiction. That is not an appropriate subject for a court's judgment and would not be amenable to inclusion in any other judgment or decree of the Court. A consent judgment is "injunctive in nature." *United States v. State of Michigan*, 940 F.2d 143, 150 (6th Cir. 1991). As such, a consent judgment "does not have a purpose, but reflects a compromise or agreement negotiated between parties who each have a purpose." *Id*. It would be thus inappropriate to incorporate in a consent

judgment language that has the purpose of policing a later dispute or otherwise drawing that dispute under the Court's jurisdiction. When entering a consent judgment "[a] court has no occasion to resolve the merits of the disputed issues or the factual underpinnings of the various legal theories advanced by the parties." *Williams*, 720 F.2d at 920. The non-prejudice language asks the Court to, either now or at some undetermined future point, examine the merits of a disputed issue related to the underlying conflict in the present case. That is not the purpose of a consent judgment.

All of this is not to say that language concerning the enforcement of legal rights is inappropriate in a consent judgment. As bargained-for consideration in a settlement agreement or offer of judgment it would be rightly included in a consent judgment. But that does not appear to be the case here. In the present case, the parties are disputing whether the inclusion of a statement of collateral legal rights is appropriate for a consent judgment. It is not. Where none of those legal rights are bargained away or bargained for as part of the agreement, any memorialization of that fact is superfluous to a consent judgment.

The purpose of this examination of the law concerning consent judgments is to clarify the legal issues in advance of the hearing on Defendants' motion to vacate. The discussion above explains that the inclusion of such language in a consent judgment is not appropriate and that the Court would not enter a consent judgment with such language. The Court has a duty to ensure the reasonableness of any consent judgment it enters. *See generally Williams*, 720 F.2d at 921 (addressing reasonableness determinations in a class-action setting). It also has the inherent power to modify consent judgments. *See Delaware Valley Citizens' Council*, 674 F.2d at 980. *See also United States v. Swift & Co.*, 286 U.S. 106, 114 (1932) ("We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions, though it

was entered by consent."). Accordingly, an attempt to justify vacatur of the consent judgment because it does not include the non-prejudice language would be fruitless.

There are, however, compelling reasons to entertain a motion to vacate "where there [is] a claim of lack of actual consent to the decree as entered." *Swift & Co. v. United States*, 276 U.S. 311, 324 (1928). That appears to be the claim made by Defendants. Indeed, the Consent Judgment was submitted to the Court as a "Partial Consent Judgment" with no explanation as to the inclusion of the term "partial." It was assumed that including the word "partial" referred to a desire for the parties to leave some ambiguity in the finality of the judgment for the purposes of future enforcement if either party failed in performing. The word was excised because judgments do not permit of ambiguity in their finality. They are final. "Partial" was also excised because an attempt at ensuring future enforcement is redundant, since a court retains jurisdiction to enforce consent judgments.

But Defendants indicated in their motion that their choice of the word "partial" was actually intended to explain the limited nature of Plaintiff's consent. Defendants now seek to vacate the judgment on the basis of Plaintiff's lack of consent (Plaintiff, of course, concurs). If this is true, there really was no justification for submitting the Consent Judgment to the Court in response to the order directing the submission of closing documents. Indeed, much of the current confusion and disagreement could have been avoided if the parties requested an extension to the deadline for the submission of closing documents and resolved the dispute in favor of their being full consent or none at all.

That finally brings us to the matter of the parties' joint motion for leave to appear by telephone for the motion hearing on their motion to vacate. The hearing on the motion to vacate is scheduled for November 30, 2015 at 3:00 p.m. *See* Notice of Hearing, ECF No. 30. The parties

represent that their respective counsel are located not insignificant distances from the courthouse in Bay City. Requiring their in-person appearance for the motion hearing, the parties argue, would impose undue expenses on the parties. This is not sufficient justification for converting the hearing to a telephonic status conference (the Court does not conduct telephonic motion hearings). Both parties have counsel located within this district. While it may take over one hour for counsel to drive from their office to the courthouse, undertaking to represent parties involved in litigation often requires appearing at the place where the parties' dispute is being heard. The expense of travelling to court, even if over an hour, is a cost of representation. Additionally, although one of Plaintiff's attorneys resides and practices in Arizona, his appearance is not necessary for the hearing. Only one counsel of record representing each party must attend.

As explained above, important issues remain to be resolved in this case as a result of Defendants' motion to vacate. The benefit of oral argument on Defendants' motion, in light of the discussion of the law concerning consent judgments, would be of significant aid in resolving those issues.

Accordingly, it is **ORDERED** that parties' joint motion for leave to appear by telephone, ECF No. 33, is **DENIED**.

Dated: November 19, 2015                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 19, 2015.

                    s/Michael A. Sian
                    MICHAEL A. SIAN, Case Manager