UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRAIG LUNDSTED,

        Plaintiff,                      Case No. 14-cv-13981

v.                                              Honorable Thomas L. Ludington

JRV HOLDINGS, LLC, et al.,

        Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS
AND DIRECTING FILING**

On October 15, 2014, Plaintiff Craig Lundsted filed this action against Defendants JRV Holdings, LLC, and Roosen Varchetti & Olivier, PLLC. ECF No 1. In his complaint, Lundsted alleged that Defendants violated the Fair Debt Collection Practices Act ("FDPCA") and the Truth in Lending Act ("TILA"). *Id.* On April 24, 2015, Lundsted filed a notice that he had accepted Defendants' offer of judgment. ECF No. 22. The parties agreed that Lundsted was entitled to a judgment for $1,000.00 in statutory damages, exclusive of reasonable attorney fees and costs. *Id.* Defendants' offer of judgment provided for "judgment to be entered against [the Defendants] and in favor of Plaintiff in the amount of $1000, plus a reasonable attorney fee, costs and interests, if any, to be determined by the court. This offer is made without regard to and does not impact JRV's rights to set-off the judgment it holds against Plaintiff." *Id.* Defendants had obtained a prior judgment in state court of $11,548.68 against Lundsted on January 29, 2014. *See* Request and Order to Seize Property, ECF No. 48, Ex. A. On April 24, 2015, Lundsted filed a notice of acceptance of Defendants' offer of judgment. ECF No. 24. On August 31, 2015, the Court entered a consent judgment of $1,000.00 in favor of Lundsted, not including attorney fees.

ECF No. 26. That consent judgment provided that a motion for attorney fees and a bill of costs was to be furnished by Plaintiff within twenty-one days of judgment, but did not include the set off language quoted above.

On September 1, 2015, Defendants filed a motion to vacate the consent judgment, arguing that because the consent judgment did not include the language retaining the right of setoff, Defendants had not agreed to its terms. ECF No. 27. On November 30, 2015, the parties attended a status conference with the Court. ECF No. 35. At the conference, the parties agreed that the right of setoff applied to the amount of the $1,000 judgment but disputed whether the attorney fees that Plaintiff was entitled to recover could be set off against Defendants' state court judgment. Accordingly, the Court ordered briefing on that issue. On April 27, 2016, the Court entered an opinion which found that the state court judgment could be set off against the $1,000.00 statutory judgment, but not against the attorney fees awarded in the federal case. ECF No. 47. The Court further ordered Defendants to "compensate Plaintiff Craig Lundsted $11,663.63 for costs and fees incurred" in the case. *Id.* at 15.

In concluding that Lundsted's award of reasonable attorney fees was not subject to setoff against Defendants' state court judgment, the Court mentioned several factors. The Court noted that "[u]nlike set off of the statutory penalty, allowing set off of attorney fees would chill future FDCPA actions and discourage attorneys from taking FDCPA cases." *Id.* at 7. In support, the Court discussed the hypothetical scenario where "the setoff would swallow the FDCPA award and leave the FDCPA plaintiff's attorney without any compensation for reaching a successful result." The Court further emphasized that, under Michigan law, attorneys obtain a lien against the proceeds of a judgment when the attorney is retained, and that the attorney lien in this case

would have priority over the offset claim. *Id.* at 8. Finally, the Court discussed the relevance of the fact that Lundsted and his attorney had a contingency fee arrangement:

> A contingency fee agreement does to some degree favor setoff because a portion of the attorney's fees obtained (perhaps a good majority) will remain with Lunsted. But this alone is insufficient to overcome the other three factors that do not favor offset. Further, to the extent Lundsted retains any portion of the fee award, it is money in his possession that he will apply to his expenses, including debt expenses. While this result does border on the very problem that setoff seeks to avoid (A paying B for B to pay A), setoff remains an equitable remedy and the equities favor not allowing setoff to apply to attorney's fees.

*Id.*

On August 11, 2016, Lundsted filed a motion for sanctions. In the motion, Lundsted represented that, the day after the Court issued the order determining setoff rights and granting attorney fees, Defendant Roosen Varchetti & Olivier[1] directed Allen and Hope Process Serving[2] to obtain an order to seize property (writ of execution) from the 81st District Court for the State of Michigan to try and collect the state court judgment. On or about the same date, Roosen Varchetti also contacted Allen and Hope Process Serving and directed that a check payable to Craig Lundsted be physically delivered to Lundsted. Two court officers from Scott Hope's business, including Scott Hope, went to Lundsted's home on May 19, 2016. Once there, Lundsted was shown the cashier's check for $11,663.63, the amount of the attorney fees awarded to Lundsted by this Court. *See* Lackney Decl, ECF No. 51, Ex. A. The process server also served the order to seize property pursuant to the state court judgment on Lundsted. *See* Hope Decl., ECF No. 51, Ex. B. The process server asked Lundsted if he had any assets that could be surrendered to satisfy the judgment. To prevent seizure of other assets, Lundsted ultimately followed Scott Hope's suggestion and endorsed the cashier's check to the process server in satisfaction of the state court judgment. *See* Rep. Collection Activity, ECF No. 48, Ex. B.

---

[1] Roosen Varchetti is the firm which represented JRV Holdings in the state collection action.
[2] Allen and Hope Process Serving is owned by Scott Hope.

- 3 -

Lundsted's counsel argues that Defendants purposefully intimidated and coerced Lundsted, outside the presence of counsel, into assigning the check for attorney fees over to Defendants in satisfaction of Defendants' state court judgment. Defendants argue that there was no intimidation or coercion and that Lundsted simply chose to assign the cashier's check instead.

On October 19, 2016, the Court held a hearing on Lundsted's motion for sanctions. That hearing was continued on November 9, 2016. On October 19, 2016, Mr. and Mrs. Lundsted both testified about the events in question. Oct. 19 Hearing Tr., ECF No. 53. Mrs. Lundsted testified that a court officer rang her doorbell on the morning in question. *Id.* at 32. The man, later identified as Scott Hope, told Mrs. Lundsted that he had a court order to seize property. *Id.* Mrs. Lundsted told the officers that her husband was golfing and would be home later in the day. *Id.* at 33. Mr. Hope testified that he talked cordially with Mrs. Lundsted for a while before leaving.

Mr. Lundsted testified that his wife called him while he was golfing and informed him of Mr. Hope's visit. *Id.* at 13. After Mr. Lundsted finished his round of golf, he returned home. Several hours later, Mr. Hope arrived. *Id.* at 14. Another individual, later identified as Chris Lackney, was also present, but Mr. Lundsted testified that he never interacted with Mr. Lackney. *Id.* at 15. Mr. Lundsted testifies that Mr. Hope informed Mr. Lundsted that he was entitled to a check. *Id.* Mr. Hope also stated that if Mr. Lundsted signed the check over in satisfaction of the state court judgment, the debt would be canceled. *Id.* at 16. Mr. Lundsted testified that Mr. Hope represented that, if Mr. Lundsted did not sign over the check, Mr. Hope had the right to seize Mr. Lundsted's property, including his vehicles. *Id.* at 15–17. Mr. Lundsted signed over the check.

Mr. Lundsted repeatedly asserted at the hearing that he was "scared senseless" by the encounter and did not understand the significance of the check. *Id.* at 18–19; 23–25. Mr. Lundsted also testified that Mr. Hope was wearing an outfit that resembled a uniform, including

a state of Michigan patch. *Id.* at 20. Mrs. Lundsted's account substantially corroborates her husband's version of events.

On November 9, 2016, Mr. Hope testified about the events in question. He explained that the encounter with Mr. and Mrs. Lundsted seemed friendly and non-confrontational for the most part. Mr. Hope acknowledged that he mentioned the check as a way for Mr. Lundsted to avoid seizure of any other property. He also acknowledged that he told Mr. Lundsted that he would seize property to collect the judgment if he did not endorse the check. For the reasons outlined below, Lundsted's motion for sanctions will be granted.

**I.**

District courts have the inherent power to award sanctions when parties act in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). That power is derived from the court's "equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). Specifically, federal courts are justified in imposing sanctions when a party attempts to avoid satisfying a binding judgment in bad faith. *In re John Richards Homes Bldg. Co., L.L.C.*, 404 B.R. 220, 227 (E.D. Mich. 2009). *See also John Akridge Co. v. Travelers Companies*, 944 F. Supp. 33, 34 (D.D.C. 1996) (sanctioning plaintiffs because they filed the suit in bad faith and in an attempt to "improperly circumvent the Court's ruling in their previous case"). Bad faith is established when an attorney delays or disrupts litigation or hampers enforcement of a court order. *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978). The district court's inherent power to sanction can be directed against both attorneys and parties. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).

**II.**

In his motion, Lundsted argues that Defendants' actions—directly giving Lundsted the check for attorney fees and then immediately levying the state court judgment against him—constituted an intentional, bad faith effort to contravene the Court's previous order denying Defendants setoff rights as to the attorney fees. Defendants respond by arguing that they complied with the plain language of the Court's order. Specifically, Defendants' quote the directive in the April 27, 2016 order: "Defendants are **DIRECTED** to compensate Plaintiff Craig Lundsted **$11,663.63** for costs and fees incurred in this matter." ECF No. 46 at 15 (emphasis in original). Defendants argue that they did exactly as ordered. Instead of setting off the state court judgment with the federal court attorney fees award, Defendants hired a process server to deliver the check for the attorney fees. They argue that, once payment was made to Lundsted, Defendants had fully complied with the Court's order. They also assert that Lundsted thereafter had the right to pay the state court judgment rather than allowing the court officer to seize his property, citing Mich. Comp. L. 600.6047, and that Defendants should not be sanctioned for Lundsted's decision to use the cashier's check to satisfy the state court judgment. Defendants argue that, if Lundsted's counsel is entitled to the fees, they should seek payment from Lundsted.

Here, Defendants complied with the Court's April 27, 2016, order to the extent they did not set off their state court judgment against the attorney fees award. Plaintiff has not identified authority which establishes that Defendants were required to pay the attorney fees directly to Plaintiff's counsel. Rather, the default rule appears to be that attorney fees payments are made to the prevailing party, not that party's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Further, Plaintiff admitted at the hearing that Defendants had a right to execute on their state court judgment. Oct. 19 Hearing Tr. at 3–4. Plaintiff does not attempt to argue that the cashier's check was exempt from execution. Rather, Plaintiff's argument is that Defendants purposefully

circumvented the Court's previous order denying setoff rights against the attorney fees by manufacturing circumstances where Plaintiff was coerced into handing over the check for attorney fees in satisfaction of the state court judgment. While that might be true, it is clearly the case that Defendants' counsel knew the funds were to compensate counsel and retained an agent to deliver the check to Lundsted without Lundsted's counsel's knowledge.

Defendants' counsel's actions disregarded Plaintiff counsel's common law retaining lien on the attorney fees award, a matter that could be no surprise to Defendants' counsel. As the Court reviewed in the April 27, 2016, order, attorneys in Michigan receive a prioritized attorney lien against the proceeds of a judgment. *See* ECF No. 45. *See also Doxtader v. Sivertsen*, 455 N.W.2d 437, 439 (Mich. Ct. App. 1990). The "attorney's charging lien is an equitable right inherent in the judgment." *Brian Lavan & Associates, P.C. v. Livingston Cty. Circuit Court Clerk*, No. 293052, 2010 WL 4103174, at *2 (Mich. Ct. App. Oct. 19, 2010). That lien retains priority over the offset claim when the two judgments arise out of wholly different actions. *See id.* at 5 ("[A]n attorney's lien is paramount to the rights of the client and his creditors, even a creditor in whose favor execution has been levied, or who has acquired a lien in supplementary proceedings or in garnishment proceedings.") (quoting *Kysor Indus. Corp. v. DM Liquidating Co.*, 11 Mich. App. 438, 445 (1968)). Further, "[a] contingency fee agreement constitutes a lien on any judgment or settlement and operates as an assignment to the plaintiff's attorney to the extent of the lien. This assignment precludes the plaintiff from discharging the claim to the defendant to the prejudice of the lien, provided that the defendant had notice of such lien." *Id. See also George v. Sandor M. Gelman, P.C.*, 506 N.W.2d 583, 585 (1993) (noting that attorneys' charging liens in Michigan automatically attach to "funds or a money judgment recovered

through the attorney's services"). "[P]arties have a duty to inquire into the terms of an attorney's lien. *Doxtader*, 455 N.W.2d at 439.

In *Doxtader*, the plaintiff had entered into a contingency fee arrangement with an attorney. *Id.* at 438. A default judgment in the amount of $25,000 was entered against the defendant. *Id.* "Without plaintiff's attorney's knowledge or consent, plaintiff and defendant thereafter allegedly agreed to settle [the] matter for $1,500." *Id.* The attorney moved to set aside the satisfaction of judgment, arguing that he had a lien on the judgment and that the plaintiff did not have the authority to settle the judgment in prejudice to his lien. *Id.* The Michigan Court of Appeals held that the satisfaction of judgment should be set aside to the extent of the attorney's lien.

Defendants cannot dispute in good faith that they had notice of the attorney's lien on the judgment, especially because it was expressly *for attorney's fees* and because the Court's order explicitly pointed out that Plaintiff's counsel would have a lien on the judgment. Although an "attorney's lien is not enforceable against a third party unless the third party had actual notice of the lien," the process servers here were representatives of Defendants, who had notice. *Id.* at 439. As in *Doxtader*, the parties could not in good faith agree to a use of the funds upon which Plaintiff's counsel had a lien without counsel's consent.

### III.

Accordingly, it is **ORDERED** that Plaintiff Craig Lundsted's motion for sanctions, ECF No. 47, is **GRANTED.**

It is further **ORDERED** that Plaintiff's counsel is **DIRECTED** to file an affidavit explaining the costs and fees incurred by Lundsted for representing Lundsted in this matter **on or before December 16, 2016.**

Dated: December 2, 2016                          s/Thomas L. Ludington
                                                                        THOMAS L. LUDINGTON
                                                                        United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 2, 2016.

                                      s/Michael A. Sian
                                      MICHAEL A. SIAN, Case Manager